1  Filer:
2  **Randy Dewayne Pittman,** Pro se
   36 S. Eighth Street, Unit #8
3  San Jose, CA 95112-3553
   (305) 900-6545
4  randy@randypittman.com

*FILED SEP 05 2025 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

*IFP Pending*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case Number: **C 25 07557 NC**

| | |
|---|---|
| RANDY DEWAYNE PITTMAN, | ) |
| Plaintiff, | ) ORIGINAL COMPLAINT |
| vs. | ) |
| CITY OF SAN JOSÉ;<br>MAYOR MATT MAHAN (official and individual capacities);<br>COUNCILMEMBER ENRIQUE ALCOSER (official and individual capacities);<br>SEBASTIAN ORTEGA (official and individual capacities);<br>HOSHEA VALDEZ (official and individual capacities);<br>JENNIFER DYER (official and individual capacities);<br>SARAH ABROFF (official and individual capacities); and<br>DOES 1–20, Defendant(s).<br>Defendant(s). | ) |

## INTRODUCTION

Plaintiff is a disabled veteran with severe breathing limitations who collapsed and was injured on September 4, 2025, after being forced to park ~500 feet from his residence due to the City's refusal to install a curbside disabled stall and its failure to require or allow a compliant on-site stall. Immediate injunctive relief is necessary to avert further life-threatening harm.

## 1. JURISDICTION AND VENUE

This action arises under **Title II** of the **Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12134**; Section 504 of the **Rehabilitation Act of 1973, 29 U.S.C. § 794**; and **42 U.S.C. § 1983**. The Court has federal question jurisdiction under **28 U.S.C. § 1331** and **§ 1343**.

Venue is proper in this District under **28 U.S.C. § 1391** because all events occurred in San José, California (Santa Clara County) and Defendants reside or conduct business there; San Jose Courthouse is the proper division.

## 2. PARTIES

Plaintiff is a disabled U.S. veteran residing at 36 S. 8th St., San José, CA 95112, with a medically documented breathing impairment since 2019 limiting ambulation to approximately 200 feet without risk of respiratory distress (as evidenced by DMV placard application).

Defendant City of San José ("City") is a public entity subject to **Title II** of the **ADA** and **§ 504** by virtue of receiving federal financial assistance. **42 U.S.C. § 12132; 29 U.S.C. § 794.**

Individual Defendants are City officials or employees who, at all relevant times, acted under color of law in administering City programs and services, including on-street parking and code enforcement. They are sued in their official capacities for injunctive relief (redundant of the City) and in individual capacities for available federal remedies.

**DOES 1–20** include City departments and unknown persons involved in denying or delaying disability-related parking accommodations.

## 3. STATEMENT OF FACTS

Plaintiff is a disabled veteran who has legal authority to access handicap parking spaces in every jurisdiction in the United States. He now lives at 36 S. 8th St. in a one-year lease beginning June 2025. The property has four (4) on-site parking spaces behind the residence. Plaintiff provided the City with diagrams showing (a) the on-site spaces and (b) the proposed curbside disabled space in front of the property.

Plaintiff sought help repeatedly from City officials, including the Mayor, Councilmember (D3), Signs & Markings, and the Code Enforcement Department. Mr. Hoshea Valdez (Signs/Markings) and Sebastian Ortega (Signs/Markings Engineer) are on the email chain acknowledging Plaintiff's requests.

On information and belief, there is no designated disabled on-street stall within approximately 1,700 feet of Plaintiff's residence. Plaintiff holds a valid disabled placard.

On the night of September 4, 2025, Plaintiff returned with heavy groceries, briefly used an on-site space, then was told by another tenant (Raymond Contreras) to move the vehicle to the street. With no space on S. Eighth Street, he parked near Santa Clara Street and, while walking approximately 500 feet to his doorway without his rescue inhaler, collapsed from shortness of breath around 4 a.m., sustaining injury.

The City refused to promptly (i) designate an on-street disabled stall adjacent to 36 S. 8th Street, and (ii) reasonably modify its Code Enforcement program to require the landlord/property manager to provide a compliant van-accessible on-site space or, at minimum, allow Plaintiff to use an on-site space pending compliance.

Federal accessibility standards require at least one accessible space where a parking facility has 1–25 total spaces; where a parking facility has 1-4 total spaces, at least one should not only be designated handicap accessible but it should also be marked and designated so that it must be van-accessible. **2010 ADA Standards §§ 208.2, 208.2.4; CBC §§ 11B-208.2, 11B-208.2.4.**

**California Vehicle Code § 22511.7** expressly authorizes local authorities to designate on-street parking stalls or spaces for the exclusive use of persons with disabilities—making curbside designation a standard municipal function. Refusal to do so here, where necessary to provide program access under Title II, violates federal law.

The Ninth Circuit holds that **Title II** requires cities to provide accessible on-street parking where necessary to ensure meaningful access to public services. *Fortyune v. City of Lomita*, 766 F.3d 1098, 1102–08 (9th Cir. 2014).

Title II also requires reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination, unless doing so would fundamentally alter the service. **28 C.F.R. § 35.130(b)(7).** Program accessibility is required. 28 C.F.R. § 35.150. *McGary v. City of Portland* confirms that code-enforcement activities must be reasonably modified to accommodate disability.

Defendants' failure to act has denied Plaintiff meaningful access to City parking services and to his residence without undue risk to his health.

## 4. CAUSES OF ACTION

### First Claim – ADA Title II (42 U.S.C. § 12132; 28 C.F.R. pt. 35) (Against City)

01. Plaintiff is a qualified individual with a disability. The City operates services, programs, and activities including on-street parking administration and code enforcement. By refusing to designate an on-street disabled stall at or near 36 S. 8th St. and failing to reasonably modify code-enforcement practices to require or authorize a compliant on-site stall, the City excluded Plaintiff from participation in and denied benefits of its services, or otherwise discriminated by reason of disability. Remedies include injunctive relief and compensatory damages upon proof of deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–43 (9th Cir. 2001).

### Second Claim – Section 504 of the Rehabilitation Act (29 U.S.C. § 794) (Against City)

02. The City receives federal financial assistance; its discriminatory conduct described above violates § 504. Standards parallel Title II. Remedies include injunctive relief and damages upon deliberate indifference. Duvall, supra.

### Third Claim – 42 U.S.C. § 1983 (Against Individual Defendants and City)

03. Defendants, acting under color of law, denied Plaintiff equal protection and due process by refusing reasonable, nondiscretionary accommodations required by federal law, and by maintaining policies that have a disparate and irrational impact on those with mobility impairments needing proximity parking. Plaintiff seeks injunctive and declaratory relief and, as permitted, damages.

### Fourth Claim – Fair Housing Act (FHAA) – Interference/Coercion (42 U.S.C. §§ 3604(f), 3617) (Against City)

04. By failing to reasonably accommodate and by obstructing/deflecting Plaintiff's requests such that Plaintiff cannot safely access his home, Defendants have interfered with Plaintiff's FHA rights. See *Giebeler v. M&B Assocs.*, 343 F.3d 1143 (9th Cir. 2003); *U.S. v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374 (9th Cir. 1997).

## 5. INJURIES AND DAMAGES

Plaintiff suffered physical injury, pain, distress, and risk of death due to the September 4, 2025 collapse, and ongoing denial of safe parking access.

Plaintiff primarily seeks injunctive and declaratory relief; Plaintiff reserves state-law damages (if any) subject to the California Government Claims Act.

## 6. PRAYER FOR RELIEF

Plaintiff prays unto this Honorable Court as follows:

**A.** A declaration that Defendants violated Title II and § 504;

**B.** A TRO and Preliminary Injunction compelling the City to:

(1) Immediately designate and sign/mark at least one on-street disabled parking space adjacent to or within the same block face as 36 S. 8th St., San José, consistent with Vehicle Code § 22511.7 and ADA signage/marking standards, pending final judgment; and

(2) Immediately modify Code Enforcement practices to require the property owner/manager to provide a van-accessible on-site stall (proper width, access aisle, signage) or, at minimum, to allow Plaintiff to use an on-site stall as an interim accommodation, consistent with **ADA 2010 §§ 208 & 502** and **CBC ch. 11B**;

**C.** Permanent injunction embodying the above;

**D.** Reasonable modifications to City policies to timely process curbside requests for disabled stalls near a disabled resident's home (Fortyune);

**E.** Compensatory damages under **Title II / § 504** upon proof;

**F.** Costs and reasonable attorney's fees (if later represented) under 42 U.S.C. § 12205 and 29 U.S.C. § 794a; and

**G.** Any other relief this Honorable Court deems just, proper and equitable.

**JURY DEMAND:** Plaintiff demands a jury on damages.

Verification: I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Respectfully submitted,** this the 05th day of September in the year of the Lord 2025.

By: _____

**Randy Dewayne Pittman,** Pro se
36 S. Eighth Street, Unit #8
San Jose, CA 95112-3553
(305) 900-6545
randy@randypittman.com

# Aerial View of 36 S. 8th Street, San Jose, CA 95112



 Proposed locations of handicap parking space on-site of the apartment building

 Door Entrance to the apartment building that all tenants utilize to enter the apartment

**These are the two ideal locations that I would propose be designated as handicap parking spaces on the site of the property at 36 S. 8th Street.**



**This is the handicap placards that I was issued so this proves that I am entitled to handicap parking and the law says I'm supposed to have access to a handicap parking space.**



This is potentially what I would suggest for marking the street for a handicap parking space.





This is where I'd like to have a handicap parking space installed.



This is messages from my landlord where he preaches the rules and how everyone MUST follow the rules and the rules (Americans With Disabilities Act) and the California Vehicle Code says I'm entitled to a handicap parking space.

As for talking to the mayor or mayor's office or governor's office, that is not here or there because anyone on the property or in the city can do the same. It does not grant me special privileges if I go and talk to them because the rules are rules and there are for everyone including me.

Vamsi Musunuru • Aug 10, 8:24 AM

You don't see other residents being disrespectful like that? I repeat, which I have done many times in the past, if you are parking in restricted areas on the property then you are in violation of the lease agreement! Rules are rules and they're the same for everyone!

Vamsi Musunuru • Jul 29, 10:45 AM

What I'm trying to say is I could care less about your reasons and excuses - follow the rules like everyone else! Even when I'm at the property I follow those same rules. Rules are rules and they're the same for everyone including me.

Vamsi Musunuru • Jul 29, 10:49 AM